Filed 6/30/26  P. v. Rodriguez CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>ANTHONY ARTHUR RODRIGUEZ,<br>        Defendant and Appellant. | A173952<br><br>(San Mateo County<br>Super. Ct. No. 18NF016063A) |

Defendant Anthony Arthur Rodriguez's court-appointed counsel has filed a brief asking this court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Rodriguez was informed of his right to file a supplemental brief, but he did not do so.  We have reviewed counsel's brief and have independently reviewed the record.  We find no errors or other issues requiring further briefing.  Accordingly, we affirm.

## BACKGROUND

*Prior Proceedings – Underlying Convictions, Appeal and Remand*

We draw our description of the background from our opinion in the earlier appeal in this case, *People v. Rodriguez* (A169053, Feb. 25, 2025) [nonpub. opn.] (*Rodriguez I*):

1

"On June 10, 2022, as part of a negotiated disposition, Rodriguez pleaded no contest to two counts of second degree robbery ([Pen. Code,[1]] § 212.5, subd. (c); counts 1 and 2) and assault on a police officer (§ 245, subd. (c); count 8), and admitted that he personally used a firearm (§ 12022.53) in connection with count 1.  Rodriguez also admitted that each of these counts was a serious felony.  The maximum penalty for the charges was 18 years, 8 months; under the negotiated disposition, the agreed-upon maximum sentence was 12 years and the remaining charges in the information would be dismissed."

"Rodriguez was sentenced to the two-year low term for robbery (count 1), an additional 10 years for the gun enhancement under section 12022.53, subdivision (b), a concurrent two-year low term for the second robbery count (count 2), and a concurrent three-year term for the assault on a police officer charge (count 8)."

In the appeal in *Rodriguez I*, defendant "contend[ed] the trial court misunderstood the scope of its discretion under amendments to section 12022.53 that allow the court to impose a lesser firearm enhancement, and the case should be remanded for resentencing."  The Attorney General agreed that "remand for resentencing is appropriate because the record suggests that the trial court did not understand its full sentencing discretion."  And we agreed, explaining that "The trial court here had discretion under section 12022.53 to strike the enhancement under section 12022.53, subdivision (b) and to impose a lesser included, uncharged enhancement in the Penal Code *other* than section 12022.53.  (*People v. McDavid* (2024) 15 Cal.5th 1015, 1021,1030); see *People v. Fuller* (2022) 83 Cal.App.5th 394, 397 ['under *Tirado*, the sentencing court may impose an uncharged lesser included

---

[1] All statutory references are to the Penal Code.

enhancement under section 12022.5 after striking a greater enhancement under section 12022.53'].)"

We remanded the matter to the trial court for full resentencing.

*Current Proceedings – Resentencing Following Remand*

A resentencing hearing was held on June 26, 2025. Defense counsel was present and defendant appeared via Zoom. The court read and considered updated sentencing memoranda from the prosecutor and Rodriguez, this court's opinion in *Rodriguez I*, and the probation officer's sentencing report and recommendation from the original hearing. The court also read materials documenting Rodriguez's completion of education and programming in the California Department of Corrections (CDC) that were current up through June 24, 2025, all of which it considered in addition to voluminous other materials that were attached to his sentencing memorandum.

The court heard arguments of counsel for Rodriguez and the prosecutor, and gave Rodriguez an opportunity to address the court. The prosecutor requested the court resentence Rodriguez to the full 12 years in prison and not strike the section 12022.53 enhancement. Although acknowledging that Rodriguez's behavior in CDC seemed to "demonstrate a sincere desire to rehabilitate," the prosecutor cited the People's "grave concerns" about the risk that Rodriguez posed to the public, as well as to the safety of his then 7-year-old child.[2] Rodriguez's counsel urged that the section 12022.53 enhancement be stricken.

---

[2] As recounted in the probation report prepared for the initial sentencing (and relied on by Rodriguez's counsel in his *Wende* brief on appeal), on December 19, 2018, Rodriguez parked his vehicle in the red emergency zone outside of a Macy's store, entered the store and selected $164 worth of clothing. As Rodriguez went to the exit, he was approached by two

3

The trial court conducted a complete resentencing. Over the course of nine pages of transcript, the court explained in detail its reasons for the sentence. The court found it was in the interest of justice under section 1385 subdivision (c), given Rodriguez's history of childhood trauma, to strike the section 12022.53, subdivision (b) enhancement and impose instead the lesser included enhancement under section 12022.5, subdivision (a). The court imposed the low term of two years on count 1, with a four-year middle term enhancement under section 12022.5, subdivision (a); a consecutive one-year term (one-third the midterm) on count 2, and a consecutive 16-month consecutive term (one-third the midterm) on count 8. The aggregate sentence was eight years and four months. After explaining in detail how the court reached that determination and why, it summed up that the sentence is an "appropriate recognition of Mr. Rodrigeuz's remorse and the impact of the childhood trauma on his substance use and addiction but also balancing the level of danger that he posed to the public and the serious and violent felonies that were incredibly dangerous, not only to him and to his child but to the public, the officer who was assaulted and the loss prevention officers whom he threatened with a firearm."

---

"loss prevention officers" who tried to stop him. An unrelated victim was in the vicinity. Rodriguez removed a firearm from his waist band and told the loss prevention officers and the victim to back off. Rodriguez left the store and got into the vehicle where his minor son was waiting and drove off. This was the basis for counts 1 and 2, robbery. On June 20, 2019, Rodriguez stole merchandise he had taken from JC Penney and was driving off when a San Bruno police officer stopped him. Rodriguez kept reaching for items in his car, and did not follow the officer's commands. The officer placed a handcuff on Rodriguez's left wrist, but Rodriguez managed to use his other hand to start the car and drive off, striking the officer and his patrol car. The officer did not sustain injuries and the patrol vehicle sustained minor damage. Rodriguez was arrested the next day. This was the basis for count 8, aggravated assault on a police officer.

## DISCUSSION

We have reviewed the record on appeal for any arguable issues.

Rodriguez was resentenced in accordance with our remand in *Rodriguez I.* The trial court exercised its discretion in resentencing Rodriguez and the sentence imposed appears to be authorized by law. Rodriguez was ably assisted by counsel at the resentencing. We conclude there are no arguable issues within the meaning of *People v. Wende, supra,* 25 Cal.3d 436.

The judgment is affirmed.

_____
Miller, J.

WE CONCUR:

_____
Stewart, P. J.

_____
Richman, J.

A173952, *People v. Rodriguez*